CLAY, Circuit Judge,
dissenting.
Because the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 35 and improperly considered the possibility of Defendant’s future cooperation in imposing its sentence, I respectfully dissent.
“[I]t is clear that sentencing courts cannot consider the potential for a future sentence reduction in imposing sentence.” United States v. Recla, 560 F.3d 539, 545 (6th Cir.2009). “When a defendant challenges the sentencing court’s ruling on appeal on the ground that the district court’s contemplation of future cooperation contaminated its decision, our task is to examine the text and context of the record to determine whether the prospect of Rule 35(b) relief in the future altered or influence the deliberations of the trial judge, at sentencing.” United States v. Ridge, 329 F.3d 535, 542 (6th Cir.2003) (quotations and citations omitted). As the majority notes, the problematic words by the district court are that this current sentence “leaves room” for alteration of the Defendant’s sentence in the future. There can be no conceivable, reasonable explanation for the use of “leaves room” that does not indicate that the district court was considering “the potential for a future sentence reduction” in its sentencing of Defendant. The district judge’s language leaves no doubt that he improperly considered a future Rule 35 motion:
So let me talk a little bit about why I come up with 204 months.
And I think, as counsel probably have already run, if you look at the levels of offense 34, 35, 36, and 37, 204 months is available at either level 34 or level 35. It’s not available at 36 or 37. And so it’s of significant benefit to the defendant. But by the same token, it still leaves room, because there’s ongoing activities that the defendant might be useful in, either alone or with Mr. Kent, and if continued cooperation and effort results in even further prosecutions or penetration of even upper, higher layers of the conspiracy, that still is a possibility under the plea agreement and a Rule 35 motion, (emphasis added)
The government is unable to provide a convincing explanation of the “leaves room” language that does not run afoul of this Court’s clear precedent. The government is only able to arrive at its explanation for the district judge’s statements at sentencing by attributing to the district judge thoughts and motivation which are nowhere apparent on the trial court record. The district court’s Rule 35(b) statements were not, as the government argues, “merely statements to the Defendant that there was a mechanism for further sentence reduction.” Appellee’s Br. at 24. The problem is that no such statements were made; and while such a statement would not require remand had it actually been made, see Ridge, 329 F.3d at 542, a district judge’s sentencing statements cannot leave open the possibility of future sentence reductions.
The sentencing transcript unambiguously highlights the impropriety of the district judge’s statements. While the majority *875 only addresses the “leaves room” language, they ignore other pertinent language in the same paragraph. The “leaves room” language is not a stray remark but directly relates to the district court’s consideration of potential future cooperation by Defendant. The sentence leaves room “because there’s ongoing activities that the defendant might be useful in” and notes that a reduction “still is a possibility under the plea agreement and a Rule 35 motion.” The sentence should be based solely on what has happened in the past and should not serve as a tool to coerce future cooperation; in other words, the district court cannot choose to “keep the carrot dangling just out of the defendant’s reach, thereby continuing the incentive that prompted his pre-sentence cooperation into the post sentence period.” United States v. Bureau, 52 F.3d 584, 595 (6th Cir.1995) (quotations and citations omitted).
The government attempts to avoid this obvious understanding by claiming that the offensive paragraph simply needs to be read in context. The government states: “Clearly, read in context, the District Court was directly addressing the extent of the Defendant’s cooperation and defense counsel’s request for a downward departure of more than three levels.” Appel-lee’s Br. at 24. This reading is not at all persuasive. The district judge’s language illustrates that he was improperly leaving room in his current sentence to induce further cooperation from Defendant.
Rather than simply require the district judge to comply with the requirements of Rule 35, the majority argues that the district court’s statements were “in response to Carlton’s request for a more significant reduction, explaining that although it would not grant Carlton’s request, the plea agreement and the Federal Rules of Criminal Procedure allowed for the possibility of a future reduction in the face of additional cooperation.” Majority Op. at 10. Not only is this interpretation not consistent with the requirements of Rule 35, this interpretation is simply not consistent with what the district court actually said.
There is simply no way than an objective observer could read the paragraph at issue and not see that the district court specifically considered the possibility of future cooperation in doling out the current sentence. The “it” in the crucial sentence refers to the 204 month sentence. Therefore, the sentence itself leaves room for a future reduction. Because a court cannot consider the possibility of a future Rule 35 motion in handing down a sentence, it is plainly not permissible to actively leave room for a future reduction. The majority fails to explain how the district court’s decision to impose a sentence that leaves room for a future reduction does not run afoul of the rule in Reda; the majority attempts to compensate by purporting to read the sentencing judge’s mind and at> tributing to the judge thoughts that were never expressed on the record.
In Reda, we remanded a case where the district court said that the sentence “will be imposed with the understanding that there probably will be subsequent motions filed.” Recla, 560 F.3d at 546. The phrases “it still leaves room, because there’s ongoing activities that the defendant might be useful in,” and that “there still is a possibility under the plea agreement and a Rule 35 motion,” are actually much more troubling than the language found to be improper in Reda. In both cases, future cooperation appears to infect the determination of the appropriate sentence. The sentence in Recla was made “with the understanding” that a Rule 35 motion would happen in the future, but it was not clear whether this understanding actually affected the district court. In the instant case the court deliberately chose a sentence that actively leaves room for a future *876 reduction if Defendant provides additional cooperation. The district judge’s comments explicitly invite and comment upon the “possibility” of “a Rule 35 motion.” Furthermore, the district judge expressly states that he is formulating the sentence in a fashion to “leave room” for the possibility of altering the sentence because “there’s ongoing activities that the defendant might be useful in.” Such considerations certainly run afoul of our binding precedent. “Sentencing the defendant to a particular term of imprisonment because the sentence later might be reduced is inconsistent with the purpose of Rule 35(b), which permits a court to reward defendant with a lower sentence based on the defendant’s post-sentencing cooperation.” Recla, 560 F.3d at 546.
Furthermore, in Recia, we rejected an argument that the sentencing judge’s statement was a mere passing reference because “the statement occurs in the context of the district court’s announcement of sentence in which he summarizes the factors that he considered.” Id. The “leaves room” statement was also given in the context of the district court’s explanation of the sentence. In fact, the statement was not only part of the explanation of the sentence but was set forth in the first paragraph the district judge used in explaining the sentence, suggesting that the statement was a motivating factor that “altered or influenced” his decision. Ridge, 329 F.3d at 542.
The problematic statements’ centrality to the explanation of the sentence also undermines the government’s contention that the district court was merely informing Defendant of possible mechanisms for sentence reductions. The district judge explained how the sentence was beneficial to Defendant and then stated, “but by the same token, it still leaves room.” That language does not suggest in any way that the district court was merely providing information. Instead, the language was obviously intended to “keep the carrot dangling just out of’ Defendant’s reach. United States v. Drown, 942 F.2d 55, 59 (1st Cir.1991).
Contrary to the majority’s argument, it is irrelevant that the government did not mention a post-sentence reduction or that the district court granted the government’s request for a three-level reduction. The question is whether the possibility of Defendant’s post-conviction cooperation with the government “altered or influenced” the district court’s decision. The fact that the government did not mention a planned motion is irrelevant when the district judge specifically contemplated one. The district court explicitly invoked the possibility of a Rule 35 motion when it stated at sentencing that “there’s ongoing activities that the defendant might be useful in,” and there “still is a possibility under the plea agreement and a Rule 35 motion.” Furthermore, while the district court granted the government’s request for a three-level reduction, that does not mean that the district court was not influenced by the possibility of a future Rule 35 motion. If a district court sentences a defendant well below what the government recommends but would have entered an even lower sentence had it not been improperly considering the possibility of a Rule 35 motion, the sentence would still be improper.
Although the district court’s sentence was inappropriate and legally indefensible, even if one accepted the majority’s entirely unpersuasive reading of the district court’s intentions as possible, the case should be remanded for resentencing. In Recla, we did not find that the improper statement showed that the district judge definitely relied on a future Rule 35 motion in sen *877 tencing the defendant. We specifically found the record “ambiguous” and noted that “the record does not disclose the extent to which the possibility of the government filing a Rule 85(b) motion influenced the district court’s sentencing decision — if it influenced it at all.” Recla, 560 F.3d at 547. We nevertheless remanded for re-sentencing since the court could not “conclude on the record before us that the district court would have imposed the same sentence in the absence of this influence.” Id. (quotations and citations omitted). Unlike in Recia, where there was some ambiguity in the sentencing judge’s statements but we remanded because it was unclear to what extent the sentencing decision was influenced by the court’s consideration of the possibility of a Rule 35 motion, there is much less ambiguity evidenced by the sentencing judge’s statements in this case. Indeed, the majority’s argument rests primarily on its purported ability to peer into the mind of the district judge and discern that his true motivation and intentions were different from the district judge’s stated reasons for the sentence he imposed.
Because the possibility of a future Rule 35 motion obviously impacted the district court’s sentence, I would remand the case for resentencing. I therefore respectfully dissent.